# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Irma Thomas,<br><br>                Plaintiff,<br><br>   v.<br><br>Public Partnerships, LLC, d/b/a PCG Public Partnerships,<br><br>                Defendant. | COMPLAINT<br><br>Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff Irma Thomas (referred to herein as "Ms. Thomas" or "Plaintiff") for her Complaint against the Public Partnerships, LLC, d/b/a PCG Public Partnerships (referred to herein as "PPL" or "Defendant"), states as follows:

### Parties, Jurisdiction, and Venue

1. Ms. Thomas resides and works in Cumberland County, Pennsylvania. Ms. Thomas is a citizen of the Commonwealth of Pennsylvania. Ms. Thomas was, at all material times, a covered, non-exempt employee of PPL within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1) and (g), the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.103, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Stat. Ann. § 260.2a, and worked for Defendant as a direct care worker in and around Dauphin County, Pennsylvania.

2.Ms. Thomas has filed a consent to join this action. *See* Ex. A.

3.PPL is a limited liability company incorporated in Delaware, with its headquarters at 40 Broad Street, 4th Floor, Boston, Massachusetts 02109. PPL is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the PMWA, 43 Pa. Stat. Ann. § 333.103, and the PWPCL, 43 Pa. Stat. Ann. § 260.2a.

4.At all material times, PPL has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

5.At all material times, PPL has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

6.At all material times, Plaintiff was an employee engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

7.At all material times, Plaintiff was an employee as defined by the PMWA, 43 P.S. § 333.103(h).

8.PPL employed Ms. Thomas in Pennsylvania as a joint employer, with the client for whom Ms. Thomas provided care. See 29 C.F.R. 791.2(a); DOL Administrator's Interpretation 2014-2.

9.The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Subject matter jurisdiction over Plaintiff's FLSA claims arise under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. The PWPCL and the PMWA each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

11. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because PPL does business in this district, operates business facilities in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

**Factual Allegations**

12. Ms. Thomas has been employed as a Direct Care Worker for PPL since on or about February 24, 2012.

13. Ms. Thomas regularly works for one client, B.T.[1]

14. Ms. Thomas provides companionship, personal care and domestic assistance services to B.T., including bathing assistance, meal preparation according to dietary restrictions, assistance with eating, light housekeeping, arranging transportation, ambulation, appointment scheduling, medication management, maintaining health and safety, attending medical appointments and other similar tasks.

15. Ms. Thomas is entitled to be paid one-and-a-half times her regular rate (the overtime premium) for hours worked over forty (40) per week.

---

[1] Name redacted for privacy and Health Insurance Portability and Accountability Act ("HIPAA") purposes.

16. Ms. Thomas has been entitled to payment of overtime premiums under the PMWA throughout the entire time period covered by this suit.

17. Ms. Thomas has been entitled to payment of overtime premiums under the Fair Labor Standards Act since January 1, 2015. 29 C.F.R. § 552.109(a).

18. Throughout the course of her employment, and specifically in the three (3) year period preceding this action, Ms. Thomas was required and/or permitted to work in excess of forty (40) hours per workweek, but was not properly compensated at one and a half (1 ½) times her regular hourly rate for all hours worked over forty (40) hours in a given workweek.

19. The FLSA exempts "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. § 213(a)(15). The Secretary has defined and delimited those terms such that "Third party employers of employees engaged in companionship services within the meaning of § 552.6 may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15) of the Act, even if the employee is jointly employed by the individual or member of the family or household using the services." 29 C.F.R. § 552.109(a). Furthermore, no employer may avail itself of the companionship exemption if the employee spends more than 20% of his or her time on work beyond simple provision of companionship. For example, if the time spent

assisting with the activities of daily living, engaging in housework, meal preparation, or assisting with medication or arranging for medical appointments constitutes more than 20% of the hours worked, then no employer can claim the companionship exemption. 29 C.F.R. § 552.6. As of January 1, 2016, the significantly narrowed companionship exemption that remains in the FLSA does not apply to Plaintiff. 29 C.F.R. § 552.109(a).

20. Pennsylvania state law entitles direct care workers who are not employed solely by a private household—such as those also employed by a third-party agency—to receive overtime payments for hours worked over forty (40) per workweek. See 43 Pa. Stat. Ann. §§ 260.3(a), 260.5(a), 333.105(a)(2).

21. PPL contracts with state agencies to provide Medicaid-funded direct care services to qualifying individuals who are elderly or disabled. In Pennsylvania, PPL contracts with the Office of Long-Term Living Program and the Office of Developmental Programs, both of which fall under the Commonwealth of Pennsylvania's Department of Public Welfare ("DPW").

22. PPL is responsible for ensuring that direct care workers meet the requirements imposed by DPW and completes screenings and background checks on prospective direct care workers based on these requirements to determine if they are approved for hiring. The client must also agree to the prospective direct care worker.

23. After completing this screening, PPL hires and authorizes the direct care worker and provides that person with instructions related to their employment, such as reporting of time, confirming the pay rate, and other similar tasks.

24. After employment has begun, should a direct care worker fail to meet any of the requirements established by DPW, PPL stops receiving public money from the State to pay for the worker and notifies the worker that he or she is no longer eligible to be employed.

25. PPL informed B.T. and B.T. informed Ms. Thomas of the rate she will be paid and of changes to her pay rates. PPL informed B.T. as to what rate Ms. Thomas can be paid, rather than taking direction from B.T. Direct care workers and clients are told by PPL that complaints about wage rates should be directed to PPL. Any other issue related to the accuracy of payroll is dealt with between the direct care worker and PPL.

26. Upon information and belief, PPL or another entity acting as a joint employer visited B.T. typically four times per year to assess her condition and evaluate Ms. Thomas' job performance.

27. PPL also retains the right to fire or to discipline direct care workers such as Ms. Thomas.

28. PPL maintains all employment records on the direct care workers such as Ms. Thomas.

29. PPL or another entity acting as a joint employer informs direct care workers such as Ms. Thomas of the maximum number of hours they are permitted to work for a client each week.

30. PPL tracks these hours by requiring direct care workers such as Ms. Thomas to complete bi-weekly timesheets and submit them to PPL. Clients are required to review and verify direct care workers' reported time. PPL enforces limits on clients, and will not compensate direct care workers such as Ms. Thomas for hours worked and approved by the client if, based on PPL's information, it will not be reimbursed by the state for paying such hours.

31. PPL administers payroll and issues paychecks to Ms. Thomas. Those checks indicate payment is made by Public Partnership.

32. PPL suffered and permitted Ms. Thomas to work more than forty (40) hours per week. PPL was aware that Ms. Thomas worked more than forty (40) hours per week because hours were reported to PPL reflecting more than forty (40) hours worked.

33. PPL advised Ms. Thomas that she was not eligible to be paid for time when Ms. Thomas transported B.T. to medical appointments and accompanied B.T. at medical appointments, and therefore Ms. Thomas was not compensated at either her regular rate or overtime rate for the time spent performing these tasks.

34. Ms. Thomas maintained detailed records of her hours worked which were submitted to PPL regularly as a basis for her compensation.

35. Ms. Thomas worked in excess of forty (40) hours per workweek in many of the workweeks within the three (3) year period preceding this action.

36. Effective July 2, 2015, Ms. Thomas was approved to work up to ninety-eight (98) hours per week as a Direct Care Worker, and Ms. Thomas regularly works approximately ninety-eight (98) hour per week in that capacity.

37. The FLSA requires employers to compensate employees at a rate not less than one and one-half (1 ½) times the regular rate for any work in excess of forty (40) hours per week.  29 U.S.C. § 207.

38. PPL is responsible for administering Ms. Thomas' pay and tax withholdings.

39. PPL's name alone is on Ms. Thomas' paystubs.  PPL's name, along with that of the client, is on her W-2 form; PPL's Employer Identification Number alone is on Ms. Thomas' W-2 forms for tax purposes.

40. Ms. Thomas is paid every two (2) weeks on an hourly basis, for all time reported on timesheets that PPL required her to fill out and submit to PPL.

41. Ms. Thomas has never received any overtime wages during the period of time she has been employed by PPL.

42. PPL willfully deprived Ms. Thomas of proper overtime compensation by paying her only her regular rate for all reported hours worked, in contravention of the requirements of federal and state law mandating payment of one-and-a-half times their regular rate of pay for all hours worked over forty (40) in a work week.

43. PPL was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

44. Ms. Thomas has been harmed by PPL's policies and practices and the loss of duly earned income they create, and she is entitled to lost wages, liquidated damages, interest, and reasonable attorney's fees and costs.

45. PPL's deliberate failure to pay Ms. Thomas overtime compensation violates the FLSA, PWPCL, and the PMWA.

## COUNT I

### Violations of the Fair Labor Standards Act

46. Ms. Thomas incorporates herein the allegations set forth above.

47. At all times material herein, Ms. Thomas was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

48. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

49. PPL is subject to the overtime pay requirements of the FLSA.

50. PPL violated the FLSA by willfully failing to pay for overtime.

51. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Ms. Thomas.

52. Ms. Thomas is entitled to damages incurred within the three (3) years preceding the filing of the Complaint because PPL acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

53. PPL has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Ms. Thomas is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find PPL did not act willfully in failing to pay overtime pay, Ms. Thomas is entitled to an award of prejudgment interest at the applicable legal rate.

54. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by PPL from Ms. Thomas. Accordingly, PPL is liable under 29 U.S.C. § 216(b) for Ms. Thomas' withheld overtime pay, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff, Irma Thomas, demands judgment against Defendant, Public Partnerships, LLC, d/b/a PCG Public Partnerships, for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided by law, (4) attorney fees and costs as provided by law, and (5) such other relief as the Court deems fair and equitable.

## COUNT II

### Violation of the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act

55. Ms. Thomas incorporates herein the allegations set forth above.

56. At all times material herein, Ms. Thomas was entitled to the rights, protections, and benefits provided under the PWPCL and the PMWA.

57. The PWPCL and the PMWA regulate, among other things, the payment of overtime at the premium of one-and-a-half times the regular rate for time worked in excess of forty (40) hours in a week, to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 43 P.S. § 260.1 *et seq.*, 43 P.S. § 333.101 *et seq.*

58. PPL is subject to the minimum wage and overtime pay requirements of the PWPCL and the PMWA, because it is an "Employer" as defined in 43 P.S. § 260.2a and 43 P.S. § 333.103.

59. PPL violated the PWPCL by failing to pay Plaintiff for time she spent transporting B.T. to medical appointment and accompanying B.T. at medical appointments.

60. PPL violated the PWPCL and the PMWA by failing to properly pay Plaintiff for her overtime hours.

61. 43 P.S. § 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations. None of the PMWA exemptions apply to Ms. Thomas.

62. Ms. Thomas is entitled to special damages in the form of "liquidated damages" as set forth by statute because PPL acted willfully and did not act in good faith in its violation of the Pennsylvania wage and hour laws.

63. Alternatively, should the Court find PPL acted in good faith, Ms. Thomas is entitled to an award of prejudgment interest at the applicable legal rate.

64. As a result of the aforesaid willful violations of the PWPCL and the PMWA, compensation has been unlawfully withheld by PPL from Ms. Thomas.

WHEREFORE, Plaintiff, Irma Thomas, demands judgment against Defendant, Public Partnerships, LLC, d/b/a PCG Public Partnerships, for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided by law, (4) attorney fees and costs as provided by law, and (5) such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Ms. Thomas hereby requests a trial by jury of all issues triable by jury.

                                 Respectfully submitted,

                                 **MCCARTHY WEISBERG CUMMINGS, P.C.**

**DATE: OCTOBER 26, 2018**

                                 */s/ Larry A. Weisberg*
                                 Larry A. Weisberg (PA 83410)
                                 lweisberg@mwcfirm.com

                                 Derrek W. Cummings (PA 83286)
                                 dcummings@mwcfirm.com

                                 Stephen T. Mahan, Jr. (PA 313550)
                                 smahan@mwcfirm.com

                                 Stephen P. Gunther (PA 324203)
                                 sgunther@mwcfirm.com

                                 2704 Commerce Drive, Suite B
                                 Harrisburg, PA 17110
                                 (717) 238-5707
                                 (717) 233-8133 (Fax)

                                 *Counsel for Plaintiff*

EXHIBIT A

## CONSENT TO BECOME A PLAINTIFF

Fair Labor Standards Act, 29 U.S.C. § 216(b)

I hereby consent to become a plaintiff in the forgoing action.

Date: 10/19/2018

Irma Thomas

1